UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

MARIA FERNANDA SOTO LEIGUE,
individually and on behalf of all others similarly
situated,

    Plaintiff,

v.

EVERGLADES COLLEGE, INC. d/b/a
KEISER UNIVERSITY,

    Defendant.
_____/

## DEFENDANT'S EVERGLADES COLLEGE, INC. d/b/a KEISER UNIVERSITY, NOTICE OF REMOVAL

Defendant, EVERGLADES COLLEGE, INC. d/b/a KEISER UNIVERSITY (hereinafter "Keiser"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, hereby file this Notice of Removal of the above-captioned matter from the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. As grounds therefore, Defendant shows the Court the following:

**1.  State Court Action**

Plaintiff initiated an action that is pending in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled MARIA FERNANDA SOTO LEIGUE v. EVERGLADES COLLEGE, INC. d/b/a KEISER UNIVERSITY, and designated Case No. 2021-024187-CA-01. Plaintiff filed that action on October 29, 2021. *See,* filed copy of Complaint, attached hereto as "**Exhibit A**".

2. **Nature of Action**

This matter arises out of Plaintiff's allegation that Defendant Keiser made calls to her that were in violation of both the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute, as well as the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, a Florida state statute. She is bringing her lawsuit as a putative class action of those who did not consent to such calls and those who were on a Do Not Call list. *See* **Exhibit A**.

3. **Basis for Removal of State Action**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Pursuant to 28 U.S.C. §§ 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This action is removable under 28 U.S.C. §1441(a) because the district court would have original jurisdiction under 28 U.S.C. §1331 (federal question), as the nature of the action is deemed first and foremost to arise under the TCPA, a federal statute. *See* **Exhibit A.** The district court has supplemental jurisdiction over the remaining FTSA claim under state law pursuant to 28 U.S.C. §1367, as it arises from the same set of operative facts (i.e., the same calls which form the basis of the TCPA claim).

4. **Venue**

The Miami Division of the United States District Court for the Southern District of Florida is the judicial district embracing the place where the State Court case was brought and is pending and is, thus, the proper District Court to which this case should be removed. *See* 28 U.S.C. §§

89(c), 1441(a) & 1446(a). Moreover, Miami is the proper division within the Southern District of Florida to which the case should be removed because Plaintiff is domiciled in Florida as a resident of Miami-Dade County. *See*, 28 U.S.C. §§ 1441(a), 1446(a); **Exhibit A** at ¶ 6.

5. **Satisfaction of Procedural Requirements**

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendant has filed this Notice of Removal within 30 days of receipt by the Defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Specifically, the Summons and Complaint were served on Defendant on November 5, 2021. *See* Summons, attached hereto as **"Exhibit B"**. Thus, this removal is timely.

Copies of the state court's docket printed from the Miami-Dade County Clerk of Court's website and all process, pleadings, orders, and other papers or exhibits of every kind on file in the State Court Action are attached as **"Exhibit C"** in compliance with 28 U.S.C. § 1446(a). Defendant will file any supplemental papers not available as of the date of this notice if it becomes necessary. Defendant has paid the appropriate filing fee to the Clerk of this Court upon filing this notice.

6. **Notice to State Court and Plaintiff**

Simultaneously with filing this Notice of Removal, Defendant shall give written notice to all adverse parties and shall file a copy of this Notice of Removal with the Clerk of the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

7. **Consent**

There is no co-defendant in this case, thereby obviating the need to obtain consent from same.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Keiser University
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, FL 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977

By: /s/ Justin C. Sorel
JUSTIN C. SOREL
FBN: 0016256
Email: Justin.Sorel@csklegal.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 6th day of December 2021, we electronically filed the foregoing document with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Justin C. Sorel
JUSTIN C. SOREL
FBN: 0016256
Email: Justin.Sorel@csklegal.com

**SERVICE LIST**
Andrew J. Shamis, Esq. and Garret O. Berg, Esq.
SHAMIS & GENTILE P.A.
14 NE 1st Ave., Suite 705
Miami, FL 33132
305-479-2299
ashamis@shamisgentile.com

gberg@shamisgentile.com
Scott Edelsberg. Esq.
EDELSBERG LAW P.A.
20900 NE 30th Ave., Suite 417
Aventure, FL 33180
305-975-3320
*Counsel for Plaintiff and the Class*