IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MARIA FERNANDA SOTO LEIGUE,
individually and on behalf of all others similarly
situated,

*Plaintiff*,

vs.

EVERGLADES COLLEGE, INC. d/b/a
KEISER UNIVERSITY,

*Defendant.*
_____/

**CLASS ACTION**

Case No.

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Maria Fernanda Soto Leigue brings this class action against Defendant, Everglades College, Inc. d/b/a Keiser University, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.  This is a class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA") and under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

2.  Defendant is a private university offering undergraduate and graduate degrees on campus and online.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

1


EXHIBIT A

3. To promote its goods and services, Defendant engages in aggressive telephonic sales calls to consumers without having secured prior express written consent as required under the FTSA, and with no regards for consumers' rights under the TCPA.

4. Defendant's telephonic sales calls have caused Plaintiff and the Class members harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

5. Through this action, Plaintiff seeks an injunction and statutory damages on behalf of herself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

6. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that she was the regular user of telephone number ***-***-1578 (the "1578 Number") that received Defendant's telephonic sales calls. Plaintiff is a resident of Miami-Dade County, Florida.

7. Defendant is, and at all times relevant hereto was, a Florida corporation and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f). Defendant maintains its primary place of business and headquarters in Fort Lauderdale, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida and the United States.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

9. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant made or caused to be made telephonic sales calls into Florida without the requisite prior express written consent in violation of the FTSA. Plaintiff received such calls while residing in and physically present in Florida.

10. Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because Defendant (1) is a Florida corporation doing business in this judicial circuit; and (2) has an agent or other representative in Florida. All facts giving rise to this action occurred in this circuit.

## FACTS

11. Beginning on or about August 6, 2021, Defendant sent numerous unsolicited telephonic sales calls to Plaintiff's cellular telephone number, including the following:



3

12. Defendant's messages did not include instructions on how to opt-out of future messages.

13. On September 23, 2021, Plaintiff responded with the words "Please remove me from your contact list" in an attempt to opt-out of any further text message communications with Defendant:



14. Despite Plaintiff's use of clear opt-out language, Defendant ignored Plaintiff's opt-out demand and continued to send Plaintiff another promotional text message on October 12, 2021.

15. As demonstrated by the above screenshots, the purpose of Defendant's telephonic sales calls was to solicit the sale of consumer goods and/or services.

4

16. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

17. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

18. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., selling Plaintiff educational courses.

19. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

20. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

21. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted.

22. To the extent that Defendant had any consent to contact Plaintiff, that consent was expressly revoked when Plaintiff responded on September 23, 2021, requesting for Defendant to cease contacting her.

23. Upon information and belief, Defendant caused similar telephonic sales calls to be sent to other individuals residing in Florida and throughout the United States.

24. To transmit the above telephonic sales calls, Defendant utilized a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone numbers.

25. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

26. The text messages originated from telephone number (305) 273-3539, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

27. Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance.

## CLASS ALLEGATIONS

### PROPOSED CLASS

28. Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is defined as:

> **No Consent Class: All persons in the United States who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.**
>
> **Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number *after* making a request to Defendant to not receive future text messages.**

29. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

30. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida and the United

6

States without their prior express written consent and/or after they had requested to opt-out. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

31.    The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

32.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

[1] Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;

[2] Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls;

[3] Whether Defendant violated 47 C.F.R. § 64.1200(d);

[4] Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

[5] Whether Defendant keeps records of text recipients who revoked consent to receive texts;

[6] Whether Defendant has any written policies for maintaining an internal do not call list

[7] Whether Defendant's conduct was knowing and willful; and

[8] Whether Defendant is liable for damages, and the amount of such damages.

33.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without prior express

written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

34. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

35. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

36. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

37. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF FLA. STAT. § 501.059
### (On Behalf of Plaintiff and the No Consent Class)

38.  Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

39.  It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

40.  A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(g).

41.  "Prior express written consent" means an agreement in writing that:

   1. Bears the signature of the called party;

   2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

   3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

   4. Includes a clear and conspicuous disclosure informing the called party that:

      a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or

9

       the playing of a recorded message when a connection is completed to a number called; and

    b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

42. Defendant failed to secure prior express written consent from Plaintiff and the Class members.

43. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

44. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

45. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II
### VIOLATION OF 47 U.S.C. § 227(c)(2)
**(Individually and on behalf of the Internal Do Not Call Class)**

46. Plaintiff re-alleges and incorporates paragraphs 1-37 as if fully set forth herein.

47. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said

regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

48. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

49. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

50. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

51. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

52. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

53. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

54. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

55. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

56. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

57. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA;

d) An order declaring that Defendant's actions, set out above, violate the TCPA;

e) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

Dated: October 29, 2021

Respectfully Submitted,

**SHAMIS & GENTILE P.A.**

*/s/ Andrew Shamis*
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
/s/ Garrett Berg
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com

13

14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

**EDELSBERG LAW P.A.**
/s/ Scott Edelsberg
Scott Edelsberg, Esq.
Florida Bar No. 0100537
20900 NE 30th Ave., Suite 417
Aventura, Florida 33180
Telephone: 305-975-3320
Email: scott@edelsberglaw.com

*Counsel for Plaintiff and the Class.*